

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

### INDICTMENT FOR
### BANK FRAUD, FALSE STATEMENTS TO BANKS,
### AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-CR-63-BAJ-RLB |
| | : | |
| | : | 18 U.S.C. § 1344(2) |
| versus | : | 18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 982(a)(2)(A) & 982(b) |
| | : | 21 U.S.C. § 853(p) |
| RICHARD HEBERT, JR. | : | 28 U.S.C. 2461(c) |

**THE GRAND JURY CHARGES:**

At times relevant to this Indictment:

**GENERAL ALLEGATIONS**

1. **RICHARD HEBERT, JR.**, defendant herein, was a resident of Harvey, Louisiana. In 2019 and 2020, **HEBERT** was affiliated with and controlled various entities, including Albritton Home Construction Group, Inc.; Brookland Realty, LLC; Hebert Real Estate Holdings, LLC; Interstate Construction and Demolition Group, Inc.; Interstate Construction Group, Inc.; K Bear Investments, LLC; and R&M Builders and Real Estate, LLC.

2. The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program administered by the Small Business Administration (SBA) that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable, and other bills incurred by qualifying

businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

3. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the businesses or their representatives to purchase consumer goods, automobiles, personal residences, clothing, or jewelry; to pay personal federal income taxes; or to fund ordinary day-to-day living expenses unrelated to the specified authorized expenses.

4. To obtain a PPP loan, a qualifying business had to submit a PPP loan application that was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications, including (a) that the business was in operation on February 15, 2020; (b) that the business had either employees, for whom it paid salaries and payroll taxes, or paid independent contractors; (c) that the loan request was necessary to support ongoing operations; and (d) that the loan proceeds would be used for approved business-related purposes. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

5. If approved, the applying business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business. The amount of the loan was based on the business's average monthly payroll.

6. Gulf Coast Bank and Trust, Gulf Coast Bank, First Bank and Trust, Investar Bank, and b1Bank were third-party participating lenders in the PPP and were federally insured financial institutions as defined in Title 18, United States Code, Section 20.

7. The factual allegations contained in Paragraphs 1-6 are incorporated in each and every Count of this Indictment.

## COUNTS ONE THROUGH THREE
(Bank Fraud)

**The Bank Fraud Scheme**

8. During the period from on or before April 7, 2020, through on or about July 10, 2020, **HEBERT** engaged in a scheme to obtain PPP loans in the names of various entities from banks by means of fraud, knowing that the entities were not entitled to such loans and intending to use the loan proceeds for his own personal enrichment.

9. The scheme was carried out in the following manner:

   a. On the following dates, **HEBERT** submitted, or caused to be submitted, the below described PPP loan applications.

| DATE | BORROWER | BANK | AMOUNT |
|---|---|---|---|
| 04/07/20 | Brookland Realty, LLC | Gulf Coast Bank and Trust | $125,000.00 |
| 04/12/20 | Brookland Realty | Gulf Coast Bank and Trust | $44,600.00 |
| 04/28/20 | Interstate Construction and Demolition Group, Inc. | Gulf Coast Bank and Trust | $402,000.00 |
| 05/01/20 | K Bear Investments, LLC | Gulf Coast Bank | $414,520.62 |
| 05/04/20 | Interstate Construction and Demolition Group | First Bank and Trust | $20,833.00 |
| 05/13/20 | Hebert Real Estate Holdings, LLC | Gulf Coast Bank and Trust | $414,521.00 |
| 05/15/20 | Hebert Real Estate Holdings, LLC | Gulf Coast Bank | $554,770.00 |
| 06/08/20 | Albritton Home Construction Group, Inc. | Investar Bank | $365,600.00 |
| 06/15/20 | Interstate Construction Group, Inc. | b1Bank | $639,290.00 |
| 06/20/20 | R&M Builders and Real Estate, LLC | b1Bank | $512,020.00 |
| 06/28/20 | Interstate Construction Group, Inc. | b1Bank | $499,224.00 |
| 07/10/20 | R&M Builders and Real Estate, LLC | b1Bank | $531,473.00 |

b.   In each of the above applications, **HEBERT** falsely certified that the requested loan proceeds would be used only for approved business-related purposes. In truth, at the time the above applications were submitted, **HEBERT** intended to use the loan proceeds for his own enrichment and not for authorized expenses of the businesses.

c.   In each of the above applications, **HEBERT** made false statements regarding the number of persons employed by the borrower and the borrower's average monthly payroll. In support of the applications, **HEBERT** submitted false documentation, including, for some applications, false tax forms that had not been filed with the Internal Revenue Service.

d.   At times, **HEBERT** communicated with bank officials for the purpose of securing approval of the requested PPP loans.

e.   Based on the above applications, more than $2 million in PPP loan proceeds was deposited into bank accounts controlled by **HEBERT**. Rather than using the proceeds solely for approved business-related expenses, **HEBERT** used proceeds for personal expenses.

**Executions and Attempted Executions of the Scheme**

10.  On or about the dates specified as to each Count below, defendant **RICHARD HEBERT, JR.**, in the Middle District of Louisiana and elsewhere, knowingly executed and attempted to execute the above-described scheme to obtain money owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in that he caused the submission of the below-described

PPP loan applications, which contained material false statements and promises, to the listed banks.

| COUNT | DATE | BORROWER | BANK | AMOUNT |
|---|---|---|---|---|
| 1 | 06/08/20 | Albritton Home Construction Group, Inc. | Investar Bank | $365,600.00 |
| 2 | 06/20/20 | R&M Builders and Real Estate, LLC | b1Bank | $512,020.00 |
| 3 | 06/28/20 | Interstate Construction Group, Inc. | b1Bank | $499,224.00 |

Each of the above is a violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNT FOUR

11.     On or about June 8, 2020, in the Middle District of Louisiana, defendant **RICHARD HEBERT, JR.**, knowingly made a false statement, that is, that Albritton Home Construction Group, Inc., had 26 employees and an average monthly payroll of $146,240, on an application for a PPP loan for the purpose of influencing the action of Investar Bank on such loan application.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIVE

12.     On or about June 15, 2020, in the Middle District of Louisiana, defendant **RICHARD HEBERT, JR.**, knowingly made a false statement, that is, that Interstate Construction Group, Inc., had 30 employees and an average monthly payroll of $255,716.25, on an application for a PPP loan for the purpose of influencing the action of b1Bank on such loan application.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SIX

13.     On or about June 20, 2020, in the Middle District of Louisiana, defendant **RICHARD HEBERT, JR.**, knowingly made a false statement, that is, that R&M Builders and

5

Real Estate, LLC, had 23 employees and an average monthly payroll of $204,808, on an application for a PPP loan for the purpose of influencing the action of b1Bank on such loan application.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SEVEN

14. On or about June 28, 2020, in the Middle District of Louisiana, defendant **RICHARD HEBERT, JR.**, knowingly made a false statement, that is, that Interstate Construction Group, Inc., had 29 employees and an average monthly payroll of $199,689.75, on an application for a PPP loan for the purpose of influencing the action of b1Bank on such loan application.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT EIGHT

15. On or about July 10, 2020, in the Middle District of Louisiana, defendant **RICHARD HEBERT, JR.**, knowingly made a false statement, that is, that R&M Builders and Real Estate, LLC, had 38 employees and an average monthly payroll of $212,491, on an application for a PPP loan for the purpose of influencing the action of b1Bank on such loan application.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## NOTICE OF FORFEITURE

16. Upon conviction of any of the offenses set forth in Counts One through Eight, defendant **RICHARD HEBERT, JR.**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2)(A), all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses.

17. If any of the forfeitable property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

UNITED STATES OF AMERICA, BY

_[signature]_
RONALD C. GATHE, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_[signature]_
JESSICA M.P. THORNHILL
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL

**REDACTED PER PRIVACY ACT**
GRAND JURY FOREPERSON

7/19/2023
DATE